**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHEREESE D. LIDDELL,

Plaintiff,

v.

Case No. 2:26-cv-12539
Hon. Brandy R. McMillion
United States District Judge

STATE OF MICHIGAN, *et al.*,

Defendants.
___________________________________/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Chereese D. Liddell ("Liddell" or "Plaintiff") filed this *pro se* § 1983 civil rights complaint against Defendants State of Michigan, Governor Gretchen Whitmer, Michigan Department of Corrections Employees Kristie Poniewieski, Tama Barney, Edward Heard, Michaela McKellar-Hollingsworth, Deena Grammatico, and Donald Knoll, Walter Reuther Psychiatric Hospital Social Worker Megan Ingham, John and Jane Doe State Employees, Center for Forensic Psychiatry Employees Carissa Carlson, Haley Lobe, and other John and Jane Doe Staff, the Wayne County Jail Transportation Unit #330, Officer H. Moore, and Officer C.L. Weerwood (collectively, "Defendants") alleging constitutional violations relating to unlawful arrest and detention, involuntary psychiatric confinement, and retaliation. *See generally* ECF No. 1. Plaintiff has also filed an application to proceed without the prepayment of fees or costs (*in forma pauperis*). ECF No. 2. For the reasons

below, the court **GRANTS** the applications to proceed *in forma pauperis*, but this case is **SUMMARILY DISMISSED**.

**I.**

As stated in the Complaint, Plaintiff alleges that she was "subjected to a coordinated series of unlawful actions carried out by an employer, UAW, Judges, Governor, attorneys, probation officer, police personnel, and hospital staff acting jointly under color of state law." ECF No 1, PageID.2. She argues that a judge sentenced her to 30 days in the Wayne County Jail, which resulted in a probation officer initiating a falsified probation violation, communicating false information to police and hospital personnel, and ultimately her involuntary psychiatric confinement. *Id.* She states that the hospital staff detained her without lawful basis and the police personnel facilitated her transport.

Without any detail, Plaintiff asserts claims for Unlawful Seizure (Fourth Amendment) (Count I), False Arrest (Count II), False Imprisonment (Count III), Due Process Violation (Fourteenth Amendment) (Count IV), First Amendment Retaliation (Count V), Conspiracy to Interfere with Civil Rights (§1985) (Count VI), State Law False Imprisonment (Count VII), Negligence (Count VIII), and ADA/Rehabilitation Act (Count IX). ECF No. 1, PageID.3. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, costs and fees and a total damages award of $50,000,000. *Id.* at PageID.4.

**II.**

Plaintiff has filed an application to proceed *in forma pauperis*. *See* ECF No. 2. The Court has reviewed the application and **GRANTS** the request. However, pursuant to 28 U.S.C. § 1915, the Court is required to dismiss *in forma pauperis* complaints if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *See Neitzke*, 490 U.S. at 327. Courts liberally construe *pro se* civil rights complaints. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal.

The standard of Federal Rule of Civil Procedure 12(b)(6) applies to determine whether the dismissal of a complaint is warranted under § 1915(e)(2)(B)(ii). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A complaint can be dismissed "on the basis of an affirmative defense if the facts conclusively establish the defense as a matter of law." *In re McKenzie*, 716 F.3d 404, 412 (6th Cir. 2013). To state a federal civil rights claim, plaintiff must allege that she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a

person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978).

## III.

Plaintiff's Complaint is generally insufficient to state any plausible claims of relief. First, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted). Here, the claims for relief raised in the Complaint are not supported by factual allegations that raise a right to relief beyond speculation. *See generally* ECF No. 1, PageID.4-5. Because mere conclusory statements are not enough to entitle Plaintiffs to relief; the Complaint is subject to summary dismissal.

Second, the claims against each of the state defendants[1] are dismissed because of sovereign immunity. Eleventh Amendment protects states and their departments from private civil suits in federal court unless the state has waived immunity or

[1] That includes Governor Gretchen Whitmer, all Michigan Department of Correction employees, and the John and Jane Doe state employees.

Congress has expressly abrogated Eleventh Amendment immunity by statute. U.S. Const. amend. XI.; *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021); *Morgan v. Bd. Of Pro. Resp. of the Sup. Ct. of Tenn.*, 63 F.4th 510, 515 (6th Cir. 2023). The State of Michigan has not consented to civil rights suits in federal court, *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress has not abrogated Eleventh Amendment immunity in suits under § 1983, *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Therefore, because the State of Michigan, and its subdivisions (including the governor acting in her official capacity), are protected by Eleventh Amendment immunity, any claims against them are dismissed.

Similarly, Plaintiff's ADA claim against the state defendants is also subject to dismissal. A claim against state employees in their official capacities is treated as a claim against the state itself. Therefore, Eleventh Amendment immunity applies to Plaintiffs' official capacity ADA claims too. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010). In the context of the ADA, the Supreme Court has expressly recognized that "Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I . . . ." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 n.9 (2001); *see also Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011) (citing *Garrett*, 531 U.S. at 374, and

stating the same).[2] Further, any ADA claims against defendants in their individual capacity fail because the ADA generally bars public employees or supervisors from being sued in their individual capacities. *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007); *see also Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2005). Therefore, all the ADA claims are subject to dismissal.

Third, the claims against the Walter Reuther Psychiatric Hospital employees, the Wayne County Jail Transportation Unit, and the Officers are subject to dismissal for failure to state a claim against them. Where a person is named as a defendant without an allegation of specific conduct, the Complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Here, the Complaint is void of specific allegations relating to the individuals named, and the Court cannot conjure up facts against them. *See Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)) (The Court may not "'conjure up unpleaded

[2] *Ex Parte Young*, 209 U.S. 123 (1908), allows an individual to seek prospective injunctive relief against state officials in their official capacity for violations of Title I of the ADA. *See Whitfield*, 639 F.3d at 257. However, nothing in the Complaint indicates that Plaintiff is seeking prospective relief.

facts to support conclusory allegations'"). Moreover, the Court cannot entertain allegations against departments, as a whole, without some form of factual support that raises the claims above mere speculation. *Twombly*, 550 U.S. at 555-56. Accordingly, the Walter Reuther Psychiatric Hospital employees, the Wayne County Jail Transportation Unit, and the Officers should be dismissed from this action.

**IV.**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint (ECF No. 1) does not survive initial screening under 28 U.S.C. § 1915 and is therefore **SUMMARILY DISMISSED**. The claims against the state defendants are **DISMISSED WITHOUT PREJUDICE**, to be refiled in the appropriate forum, if Plaintiff so desires. The remaining claims are **DISMISSED WITH PREJUDICE**.

***This is a final order that closes the case.***

**IT IS SO ORDERED.**

Dated: July 29, 2026

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge